UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PHILLIP J. EDWARDS,

    Plaintiff,

v.                                                    Case No. 4:19cv6-WS-CJK

JIMMY PATRONIS,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Phillip J. Edwards ("Edwards"), a state prisoner proceeding *pro se*, has filed two pleadings: a "Notice" and a "Commercial Affidavit; Complaint". The Notice was docketed as a complaint in this case, Case No. 4:19cv6-WS-CJK; and the "Commercial Affidavit; Complaint" was docketed as a complaint in Case No. 4:19cv7-RH-CJK. The latter case was consolidated into this one (doc. 3), and the consolidated action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). The undersigned concludes that this consolidated action should be dismissed as frivolous under 28 U.S.C. § 1915A.

Edwards is an inmate of the Florida Department of Corrections confined at Charlotte Correctional Institution. Edward describes himself as "a Sovereign,

Pharoah, Agent for the Republic of the United States of America, Paramount Creditor, Warranted Contracting Officer, Authorized Representative, Attorney-In-Fact, President, King, Most High Priest Emperor". (Case No. 4:19cv6-WS-CJK, Doc. 1, p. 10). Edwards alleges, essentially, that he deposited a self-styled "security" instrument in the amount of $800 million with the Hillsborough County Recorder and the Florida Department of Financial Services, and instructed Florida's Chief Financial Officer Jimmy Patronis to deposit $800 million into Edwards' inmate trust account with the Florida Department of Corrections. (*See* Case No. 4:19cv7, Doc. 1). Mr. Patronis did not oblige, and Edwards now sues him for "High Treason". (*Id*., p. 5). As relief, Edwards seeks "an order directing the issuance of the process of attachment and garnishment in the above styled in rem cause in admiralty". (*Id*., p. 7).

Because Edwards is a prisoner, the court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b). Edwards' argument that Mr. Patronis breached a security agreement with him is frivolous. *See Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) ("A claim is frivolous if and only if it lacks an arguable basis

either in law or in fact." (quotation omitted)).  In addition, Edwards' factual allegations that he is a party to some sort of secured transaction requiring the State of Florida to deposit $800 million into his inmate trust account are clearly baseless. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) ("[A] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.  As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." (internal quotation marks and citations omitted)).  To allow this matter to progress forward would result in squandering scarce judicial resources on a matter that is headed nowhere.

Accordingly, it is respectfully RECOMMENDED:

1.  That this consolidated action be DISMISSED as frivolous under 28 U.S.C. § 1915A.

2.  That the clerk be directed to close this file and Case No. 4:19cv7-RH-CJK.

At Pensacola, Florida this 29th day of January, 2019.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.